| | |
|---|---|
| CHRISTOPHER ELLERBY, ) | |
| ) | |
| Petitioner, ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before this court on the government's motion to dismiss [DE-162] Petitioner Christopher Ellerby's ("Ellerby" or "Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-159]. Ellerby responded to the government's motion. [DE-165]. The time for responding to the pending motions has expired; accordingly, the motions are ripe for review. These motions were referred to the undersigned and are considered here as a recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that the government's motion to dismiss be allowed and Petitioner's § 2255 petition be denied.

## I. BACKGROUND

On October 13, 2010, Ellerby pled guilty pursuant to a written plea agreement to two counts contained in a superseding indictment, including conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 1) and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2). [DE-62, -69, -71]. The district court conducted a Rule 11 plea colloquy to question Petitioner as to his understanding of the terms of the plea agreement and the document

memorializing the plea agreement provided that Petitioner would

> waive knowingly and expressly all rights conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2555, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

[DE-71] at 1.

The United States probation office submitted its presentence report ("PSR") to the district court on December 29, 2010.[1] [DE-101]. On January 7, 2011, Ellerby appeared before the district court, with the presence of defense counsel, for sentencing on his drug and firearm-related offenses. [DE-103]. Prior to sentencing, the government filed a motion with the court for downward departure pursuant to U.S.S.G. § 5K1.1. [DE-102]. During the sentencing hearing, Petitioner moved unopposed by the government to continue his sentencing due to issues that arose during the hearing related to the government's § 5K1.1 motion and the court entered an oral order granting Petitioner's motion to continue sentencing. [DE-145] at 22:15-23:22. Thereafter, on motions from both Petitioner and the government, the court continued Petitioner's sentencing hearing multiple times to the final sentencing date October 31, 2011. Prior to Petitioner's sentencing hearing on October 31, 2011, the government filed a new motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) based on Petitioner's substantial assistance. [DE-133]. The court granted the government's motion and sentenced Petitioner to a term of 80 months on Count 1 and 60 months

---

[1] In calculating Petitioner's total offense level, the PSR specified a three-level upward adjustment pursuant to U.S.S.G. § 3B1.1(b) for Petitioner's role as a manager or supervisor and a three-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) for acceptance of responsibility. [DE-101] ¶¶ 49, 53.

on Count 2 to be served consecutively, for a total term of 140 months.[2] [DE-134, -136].

Petitioner filed a timely notice of direct appeal on November 14, 2011, and was appointed appellate representation by the Fourth Circuit Court of Appeals. [DE-138]. In his direct appeal, Petitioner argued the following: (1) the government did not have a legitimate reason to require that he withdraw his objections to the PSR in exchange for a motion pursuant to § 5K1.1 and (2) counsel provided ineffective assistance by misadvising him on the length of his prison sentence, specifically as to whether the sentences for the firearm and drug conspiracy crimes would run consecutively. [DE-150] at 2, 5. The Fourth Circuit Court of Appeals addressed each issue raised by Petitioner and affirmed Petitioner's conviction and sentence on August 1, 2012. [DE-150, -151]; *see United States v. Ellerby*, 492 F. App'x 398, 401 (4th Cir. 2012) (unpublished op.). Ellerby did not file a petition for *certiorari*.

On December 14, 2012, Petitioner timely filed *pro se* the instant motion to vacate, set aside or correct sentence pursuant to § 2255, alleging that (1) he received ineffective assistance of counsel because his appellate counsel improperly raised an ineffective assistance of counsel ("IAC") claim on direct appeal; (2) Petitioner's sentence is unconstitutional and illegal due to an improper Guidelines adjustment; and (3) Petitioner's sentence is cruel and harsh under § 3553(c).[3] Pet'r's

---

[2] At the sentencing hearing, the probation officer informed the district court that the drug weight in the PSR was incorrect, the correct amount being a larger weight, resulting in an increased base offense level of 38, adjusted offense level of 41 for the three-level manager/supervisor adjustment, and a total offense level of 38 for the three-level downward adjustment for acceptance of responsibility. This resulted in an increased Sentencing Guidelines range for Petitioner of 292 to 365 months. [DE-146] at 2:25-4:17. The court adopted the PSR with the above Sentencing Guidelines changes. [DE-137]. Additionally, Petitioner did not raise objections to the PSR at sentencing. [DE-146].

[3] The government points out, and the court agrees, that Petitioner's second and third grounds for relief outlined in his motion contend the same–that the offense role Guidelines adjustment increasing his offense level by three was misapplied. Pet'r's Mot. at 5, 7.
    To the extent Petitioner contends that the government did not have a legitimate reason to require him to withdraw his objections to the PSR, Petitioner raised this precise legal issue on direct appeal and is thereby barred from raising it in a collateral attack as the very same issue was addressed substantively and denied by the appeals court.

3

Mot. [DE-159] at 4-8. On January 23, 2013, the government filed its motion to dismiss for failure to state a claim upon which relief can be granted, Gov't's Mot. to Dismiss [DE-162], to which Petitioner filed his response, Pet'r's Resp. [DE-165].

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a

---

*Ellerby*, 492 F. App'x at 399-400 (holding that Ellerby failed to show that the government's conduct in requiring Ellerby to withdraw his PSR objections was not related to a legitimate government end). Here, Petitioner has not recast this issue as an IAC claim and the court is bound by the Fourth Circuit's legal ruling on appeal. *See Holden v. United States*, Nos. 5:08-CR-50-FL-1, 5:11-CR-376-FL, 2011 WL 5826052, at *4 (E.D.N.C. Nov. 18, 2011) (distinguishing a direct appeal claim from a petitioner's § 2255 IAC claim and finding that the Fourth Circuit's holding as to a legal issue decided on direct appeal does not preclude a petitioner from bringing an IAC claim) (citing *United States v. Harris*, 14 F. App'x 144 (4th Cir. 2001)).

4

plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### B. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, 28 U.S.C. § 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

## III. DISCUSSION

### A. Ineffective Assistance of Appellate Counsel

Ellerby first seeks relief under § 2255 based on a theory of ineffective assistance of counsel on the part of his appellate counsel. Pet'r's Mot. at 4. Specifically, Ellerby contends that his appellate counsel rendered ineffective assistance by raising on direct appeal an IAC claim regarding Petitioner's counsel at the district court level. *Id.*

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's representation was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the petitioner must overcome a "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). In a criminal trial, defense counsel has the authority to manage most aspects of the defense without first obtaining the consent of the defendant. *United States v. Chapman*, 593 F.3d 365, 367-68 (4th Cir. 2010) (citing *Florida v. Nixon*, 543 U.S. 175, 187 (2004)). The matters that fall within counsel's discretion "primarily involve trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998). With respect to appeals, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal, as '[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). Appellate counsel accordingly enjoys a "presumption that he decided which issues were most likely to afford relief on appeal," a presumption that a

6

defendant can rebut "only when ignored issues are clearly stronger than those presented." *Id.*

As to the prejudice component, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. It is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697 (explaining "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "address both components of the inquiry if the defendant makes an insufficient showing on one").

Petitioner asserts in a conclusory fashion that raising an IAC claim on direct appeal was deficient and affected his "fundamental fairness in due process of the law." Pet'r's Mot. at 4. While it is generally recognized that claims of ineffective assistance of counsel are more properly made by way of a collateral challenge pursuant to § 2255 proceedings rather than on direct appeal, appellate courts are not barred from considering such a claim where "it conclusively appears from the record that counsel did not provide effective assistance." *United States v. Martinez*, 136 F.3d 972, 979-80 (4th Cir. 1998); *see also United States v. Fisher*, 477 F.2d 300, 302 (4th Cir. 1973). Moreover, a petitioner may raise an IAC claim in an appropriate motion for post-conviction relief although it was raised on direct appeal and found not cognizable on direct appeal. *See United States v. Slaughter*, 250 F. App'x 564, 565 n.* (4th Cir. 2007) (instructing that petitioner may raise an IAC claim in an appropriate motion for post-conviction relief although it was raised on direct appeal and found not cognizable on direct appeal).

Here, the court need not decide whether appellate counsel was deficient in raising an IAC

7

claim on direct appeal because Petitioner has failed to demonstrate the requisite prejudice. *Strickland*, 466 U.S. at 697 (recognizing a court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice). Counsel's decision to raise an IAC claim on direct appeal did not prejudice Petitioner because there is no indication that counsel's choosing to raise such a claim on appeal negatively impacted the Fourth Circuit's review of Petitioner's appeal. While the Fourth Circuit addressed the merits of the IAC claim in its decision, it did not deny Ellerby's appeal because he raised an IAC claim on direct appeal as opposed to raising it in a § 2255 motion.[4] *Ellerby*, 492 F. App'x at 400-01. Additionally, Petitioner has failed to allege any other facts showing that the outcome of his appeal would have been different but for the alleged error of counsel. Accordingly, Petitioner's claim of ineffective assistance of appellate counsel is without merit.

**B.  Sentencing Guidelines Error**

Petitioner contends the PSR improperly characterized Petitioner's role in the offense as a manager or supervisor pursuant to U.S.S.G. § 3B1.1(b) making the PSR invalid and his sentence unconstitutional. Pet'r's Mot. at 5-7. The government argues that Petitioner is barred by the waiver in his plea agreement from contesting his conviction and sentence.[5] Gov't's Mem. [DE-163] at 3.

---

[4]   The Fourth Circuit fully considered the merits of the IAC claim and found that Ellerby could not demonstrate he was misadvised by his district court counsel in pleading guilty. *Ellerby*, 492 F. App'x at 400-01. The court also found that Ellerby could not show prejudice based on counsel's alleged erroneous advice in either pleading guilty or withdrawing his PSR objections because the district court admonished him twice that a sentence for count two would run consecutive to any other sentence imposed, thereby effectively curing any potential prejudice stemming from counsel's advice. *Id.*

[5]   The government also characterizes Petitioner's claim as re-alleging, as an IAC claim, his direct appeal claim regarding the withdrawal of his objections to the PSR, specifically, that counsel failed to object at the sentencing hearing to his Guidelines classification as a manager or supervisor. Gov't's Mem. at 5-6. The government's characterization of Petitioner's claim presumably relies on Petitioner's response. [DE-165]. Having reviewed Petitioner's § 2255 motion and response, the court construes Petitioner's argument to be a straightforward Guidelines error challenge and not an ineffective assistance claim.

8

The court agrees that Petitioner's claim is barred by his plea agreement waiver.

The court must enforce a waiver in a plea agreement "if it is valid and the issue appealed is within the scope of the waiver." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013); *see also United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) (noting that a petitioner is free to "waive his right to attack his conviction and sentence, so long as the waiver is knowing and voluntary"). This rule applies equally to waiver of direct-appeal rights and waiver of collateral-attack rights. *Lemaster*, 403 F.3d at 220. An appellate waiver is generally considered to be knowing and intelligent where the court specifically questions the defendant about the waiver and the record reflects the defendant understood the significance of the waiver. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). The Fourth Circuit has identified a narrow class of claims that fall outside the scope of a valid waiver of collateral attack rights and of direct appeal rights: (1) claims that the sentence was imposed in excess of the maximum penalty provided by law, (2) claims that the sentence was based on a constitutionally impermissible factor such as race, or (3) claims that the defendant was deprived of effective assistance of counsel at a proceeding following the entry of the waiver, such as at sentencing. *United States v. March*, No. 3:08-590-CMC, 2012 WL 570183, at *4 (D.S.C. Feb. 22, 2012) (citing *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994) & *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992)). Moreover, courts typically "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *Johnson*, 410 F.3d at 151 (quoting *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003) (internal quotation marks omitted)).

Here, the record establishes that Petitioner entered his guilty plea in accordance with the plea

agreement freely and voluntarily and knowingly and intelligently waived his right to appeal.[6] [DE-47, -51]. During the Rule 11 plea colloquy, Petitioner affirmed that he was not threatened or forced to plead guilty and that he understood the terms of the plea agreement. [DE-147] at 15:4-19:20. Additionally, the court specifically questioned whether Petitioner understood the waiver of his appellate and post-conviction relief rights contained in the plea agreement and Petitioner said that he did. *Id.* at 17:16-23. In all respects, the district court properly followed Rule 11 to determine that Petitioner's plea was knowing and voluntary and his appeal waiver is valid. *See Lemaster*, 403 F.3d at 222-23.

Having determined Petitioner's waiver of his post-conviction rights was valid, the court must next determine whether Petitioner's current sentencing challenge falls outside the waiver's scope. Except for the few exceptions listed in the plea agreement, Petitioner's waiver of his appeal and post-conviction rights was unconditional. *See* [DE-71]. Petitioner explicitly waived in his plea agreement his right to challenge his sentence in a post-conviction proceeding aside from ineffective assistance of counsel and prosecutorial misconduct claims. *Id.* Petitioner's claim that the manager/supervisor Guidelines adjustment was improperly applied to him in calculating his total offense level does not fall within either of the post-conviction exceptions. Moreover, Petitioner's sentence is not in excess of the maximum penalty authorized by law and was not based on a constitutionally impermissible factor, nor has Petitioner alleged any facts which make the alleged Guidelines error result in a miscarriage of justice, thus allowing for collateral attack of his sentence.

---

[6] The Fourth Circuit specifically held in Petitioner's direct appeal that any erroneous advice on sentencing by defense counsel prior to entering a guilty plea was cured by the district court when it "specifically admonished Ellerby twice" about the imposition of consecutive sentences. *Ellerby*, 492 F. App'x at 400-01. This effectively moots any contention that Petitioner's waiver was invalid on the basis of counsel's advice.

*Mikalajunas*, 186 F.3d at 496. Accordingly, Petitioner's claim is subject to the waiver included in his plea agreement and therefore barred by the plea agreement waiver. *See Lemaster*, 403 F.3d at 220; *White v. United States*, Nos. 4:06-CR-068-FL-1, 4:11-CV-083-FL, 2012 WL 3023392, at *6 (E.D.N.C. July 24, 2012) (holding that petitioner's collateral challenge to the § 3B1.1(a) adjustment applied to him for his role an organizer or leader was barred by his plea waiver).

## C. Cruel and Harsh Sentence

Finally, Petitioner argues that his sentence is "grossly cruel and harsh under 3553[](c)," implying that Petitioner is complaining about the length of his sentence.[7] Pet'r's Mot. at 8. For the reasons previously discussed by the court, *supra* section III.B, Petitioner's argument contesting the length of his sentence is barred by the waiver in his plea agreement. Petitioner's waiver in his plea agreement is valid, as evidenced by the Rule 11 plea colloquy by the court, and Petitioner's challenge to his sentence is within the scope of his waiver concerning collateral attack rights. *See Johnson*, 410 F.3d at 151 (identifying the narrow class of claims that fall outside the scope of a valid waiver of collateral attack rights). Accordingly, Petitioner's claim is subject to the waiver included in his plea agreement and therefore barred by the plea agreement waiver.

## IV. CONCLUSION

Based on the foregoing, it is RECOMMENDED that Petitioner's motion [DE-159] under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence be DENIED and that the government's motion to dismiss [DE-162] Petitioner's § 2255 petition be GRANTED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the

---

[7] The court does not find that Petitioner has couched this ground for relief in his § 2255 motion as an IAC claim and accordingly does not treat it as such.

respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO SUBMITTED, this the 21st day of March 2014.

Robert B. Jones, Jr.
United States Magistrate Judge