IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 7:10-CR-88-1-FL
No. 7:12-CV-349-FL

| | |
|---|---|
| CHRISTOPHER ELLERBY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court upon *pro se* petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate") (DE 159), and the government's motion to dismiss petitioner's section 2255 motion (DE 162). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered memorandum and recommendation ("M&R") wherein it is recommended that the court deny petitioner's motion to vacate and grant the government's motion to dismiss. Petitioner filed objections to the M&R and the issues raised are ripe for ruling. For reasons given below, the court will ADOPT the M&R in full, GRANT the government's motion to dismiss, and DENY petitioner's motion to vacate.

**BACKGROUND**

On October 13, 2010, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 ("Count One"), and to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Count Two"). In the plea agreement petitioner

agreed to

> waive knowingly and expressly all rights conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2555, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [petitioner] at the time of [petitioner's] guilty plea.

Plea Agreement ¶ 2.c. (DE 71). On October 31, 2011, petitioner was sentenced to eighty (80) months on Count One and sixty (60) months, consecutive, on Count Two, with benefit of a motion filed by the government for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). Petitioner appealed this sentence and the Fourth Circuit affirmed. See United States v. Ellerby, 492 F. App'x 398, 401 (4th Cir. 2012).

On December 14, 2012, petitioner timely filed the instant motion to vacate, asserting the following grounds for relief: (1) that he received ineffective assistance of appellate counsel because appellate counsel raised, on direct appeal, a claim for ineffective assistance of trial counsel, (2) that his current sentence is unconstitutional based upon purportedly improper application of a guideline enhancement pursuant to U.S.S.G. § 3B1.1 for being a manager or supervisor of criminal activity, and (3) that his sentence is "grossly cruel and harsh" under 18 U.S.C. § 3553(c).[1] The government filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on January 23, 2013. In the M&R, it is recommended that the court grant the government's motion to dismiss and deny petitioner's motion to vacate.

---

[1] As noted in the M&R, and by the government in its memorandum in support of its motion to dismiss, the instant petition purports to set forth four grounds for relief. Where, however, both grounds two and three assert the U.S.S.G. § 3B1.1 enhancement was improperly applied, the court considers these together.

**COURT'S DISCUSSION**

A.   Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Rule 12 of the Rules Governing Section 2255 Proceedings ("Habeas Rules") states that, "[t]he Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a section 2255 proceeding the court may consider "the files and records of the case," as well as the pleadings, in deciding whether to dismiss a petitioner's motion. 28 U.S.C. § 2255(b); see Habeas Rule 4(b), ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .").

A claim is stated under Rule 12(b)(6) if the pleading contains "sufficient factual matter,

3

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable" to the non-moving party but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

   1.  Ineffective Assistance of Counsel

Petitioner first objects to the recommendation this court find that he fails to state a claim for ineffective assistance of counsel. For reasons given in the M&R, this objection is overruled. A successful claim for ineffective assistance of counsel requires a petitioner to show both that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bell v. Evatt, 72 F.3d 421, 427 (4th Cir. 1995) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). Petitioner has failed to allege any facts regarding how his appellate counsel's choice to raise a claim for ineffective assistance of trial counsel on direct appeal prejudiced him in any way. Thus, petitioner's first objection is overruled.

   2.  U.S.S.G. § 3B1.1 Enhancement

Petitioner next objects to the recommendation that this court find that his challenge to his sentence based upon the application of a three-level enhancement pursuant to U.S.S.G. § 3B1.1 is

4

foreclosed by his waiver of collateral attack rights in his plea agreement.[2] This court adopts the reasoning of the M&R in overruling this objection. As stated therein, only a limited number of claims fall outside the scope of a waiver of collateral attack rights. These are claims that a sentence was imposed in excess of statutory maximum, that a sentence was based on a constitutionally impermissible factor, and claims that defendant was denied effective assistance of counsel at a proceeding after that waiver. See United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992) ("[A] defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race."); United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994) (holding that the general waiver of appeal rights contained in the plea agreement did not constitute a waiver of the right to challenge a sentence on grounds of ineffective assistance of counsel after the waiver). Additionally, courts will not enforce a waiver where doing so "would result in a miscarriage of justice." United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Petitioner's valid and binding plea waiver provides that he waives "all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2555, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [petitioner] at the time of the [petitioner's] guilty plea." Plea Agreement ¶ 2.c. Petitioner's claim that this enhancement was improperly applied to him does not fall within one of those exceptions, nor was his sentence in excess of the maximum statutory penalty or based on an constitutionally impermissible factor. Lastly, petitioner does not allege any facts

---

[2] In this objection, petitioner also asserts that the M&R concluded he failed to show prejudice under Strickland on this claim. This statement is incorrect. All discussion of Strickland in the M&R took place in the context of petitioner's claim for ineffective assistance of counsel.

5

which would make the purported guidelines error result in a miscarriage of justice. See United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999) ("[A] misapplication of the guidelines typically does not constitute a miscarriage of justice."). Thus, this objection is overruled.

    3.    Cruel and Harsh Sentence

Petitioner objects to the recommendation that the court find his assertion that his sentence is "cruel and harsh under 3553[](c)" to be subject to his waiver of collateral attack rights. As discussed in the M&R, this ground is barred by petitioner's waiver. In objecting to this conclusion, petitioner attempts to recast this ground for relief as a constitutional one based upon the Eighth Amendment to the United States Constitution. While the Eighth Amendment "proscribes punishment grossly disproportionate to the severity of the crime," Ingraham v. Wright, 430 U.S. 651, 667 (1977), "proportionality review is not available for any sentence less than life imprisonment without the possibility of parole." United States v. Ming Hong, 242 F.3d 528, 532 (4th Cir. 2001). Accordingly, petitioner's attempt to recast this ground for relief as one made under the Eighth Amendment is without merit.

    4.    Lack of Hearing and Failure to Consider All Claims

Petitioner's final objection is two-fold. He first objects to the fact that the recommendation in the M&R that his motion be denied was made "without conducting an[] evidentiary hearing or resolv[ing] factual disputes." Petitioner's demand for resolution of factual disputes misunderstands the nature of a motion to dismiss pursuant to Rule 12(b)(6) which inquires as to whether a claim has been stated and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Martin, 980 F.2d at 952. Moreover, petitioner points to no factual disputes which the M&R improperly attempted to resolve.

6

Second, petitioner asserts that "the magistrate judge neglected to address every claim presented in his motion." Petitioner, however, points to no claims that were not considered. In the absence of a specific objection, the court reviews only for clear error. Diamond, 416 F.3d at 315. Here, the court has reviewed the record and is satisfied that petitioner's claims were adequately addressed in the M&R. Accordingly, this objection is overruled.

C.      Certificate of Appealability

A section 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of

7

petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court overrules petitioner's objections. Accordingly, the court ADOPTS the M&R as its own, and for the reasons stated therein, the government's motion to dismiss (DE 162) is GRANTED, and petitioner's motion to vacate (DE 159) is DENIED. A certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 21st day of July, 2014.

_____
LOUISE W. FLANAGAN
United States District Court Judge