IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CR-88-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CHRISTOPHER ELLERBY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to correct a clerical error in the Presentence Investigation Report ("PSR") made pursuant to Federal Rule of Criminal Procedure 36 (DE 193), and construed as a motion to correct clerical errors in the court's statement of reasons. The issues raised have been briefed fully, and the court has considered the advice of the United States Probation Office, obtained upon the court's request of same. In this posture the issues raised are ripe for ruling. For the reasons stated more specifically below, defendant's motion is granted.

Federal Rule of Criminal Procedure 36 empowers the court to "at any time correct a clerical error in a judgment, order, or other part of the record." Fed. R. Crim. P. 36. The statement of reasons unarguably is an "other part of the record."

On October 13, 2010, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count I"), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) ("Count II"). At sentencing held October 31, 2011, petitioner was sentenced to 80 months imprisonment on Count I and 60 months imprisonment on Count II, to run consecutively for a total of 140 months imprisonment.

In the PSR, as amended and adopted by the court at sentencing, the court held defendant accountable for 21,713.5246 grams of powder cocaine and 14,134.82 grams of cocaine base. (See PSR, DE 101, as amended Continued Sent'g Tr., DE 146, 2:25–3:23). However, the court's statement of reasons did not comport with the PSR as amended by the court's factual findings. In the statement of reasons, the court ultimately, and erroneously, attributed to defendant 14,443.524 grams of powder cocaine and 27,400.42 grams of cocaine base. This inconsistency must be corrected to comport with the court's factual findings made at sentencing.

In sum, defendant's motion, construed as one to correct the court's statement of reasons, (DE 193), is GRANTED. The language on Page 4 of the court's statement of reasons (DE 137), wherein the document reads: "This results in the defendant's total drug accountability of 14,443.524 grams of cocaine and 27,400.42 grams of cocaine base which equate to a marijuana equivalency of 100,735.59 kilograms" hereby is STRICKEN and is AMENDED to read as follows: "This results in the defendant's total drug accountability of 21,713.5246 grams of cocaine and 14,134.82 grams of cocaine base which equate to a marijuana equivalency of 54,818.14714 kilograms."

Pursuant to Standing Order 14-SO-1, the Federal Public Defender for this district is DIRECTED to re-enter an appearance on defendant's behalf and re-review this case for potential relief under U.S.S.G. Amendment 782 and 18 U.S.C. § 3582(c)(2) in light of the amended statement of reasons.

SO ORDERED, this the 26th day of October, 2015.

*[signature: Louise W. Flanagan]*

LOUISE W. FLANAGAN
United States District Judge